IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LOGIE W. TALLEY, | : |
|         Plaintiff, | : |
| v. | :   5:09-cv-308 (CAR) |
| HOUSING AUTHORITY OF COLUMBUS, GEORGIA; THE CITY OF COLUMBUS, GEORGIA; THE STATE OF GEORGIA | : |
|         Defendants. | : |

*ORDER ON DEFENDANTS' MOTION TO DISMISS*

Before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) [Doc. 3] of Defendants Columbus Consolidated Government[1] ("Columbus") and the Housing Authority of Columbus, Georgia ("Housing Authority"). Defendants move for dismissal on the ground that this Court lacks subject matter jurisdiction because the issues raised in Plaintiff Logie W. Talley's complaint have already been litigated and finally determined. Defendants also move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court finds that the issues raised in Plaintiff's Complaint [Doc. 1] have previously been litigated and finally determined in Housing Authority of Columbus, Georgia, No. 5494-cv-1974-2 (Sup. Ct. Muscogee County) (1994) and Talley v. Housing Authority of Columbus, Georgia, No. 4:04-cv-61-1 (M.D. Ga.) (2004). Thus, the Motion to Dismiss is **GRANTED** for Defendants Columbus and the Housing Authority.

---

[1] Defendant Columbus Consolidated Government was erroneously sued as the City of Columbus, Georgia.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges claims against Defendants for violations of his Fourth, Fifth, and Fourteenth Amendment rights based on the condemnation of his property that occurred in 1994. Specifically, Plaintiff claims the condemnation was unlawful because the property was not subsequently used for a public purpose.

### A. The State Condemnation Action

On March 26, 1994, the Housing Authority filed a petition for condemnation of Plaintiff's property located at 411 Twenty First Street, Columbus, Georgia, in the Muscogee County Superior Court. Plaintiff was properly served with notice of the action, and the superior court issued a judgment approving the condemnation on August 1, 1994.[2] On August 12, 1994, Plaintiff filed a request for appeal, which was ultimately dismissed as being untimely. On June 20, 1997, Plaintiff filed a Motion to Set Aside the August 1, 1994 judgment, but the motion was denied on August 7, 1997.

### B. The Federal Court Action

On May 21, 2004, Plaintiff filed a complaint against the Housing Authority in the United States District Court for the Middle District of Georgia. The complaint alleged that his property was unlawfully taken and resold to a private citizen in violation of his Fourth, Fifth, and Fourteenth Amendment rights, as well as the Georgia Constitution. Additionally, Plaintiff alleged there was no public necessity to justify the taking.

On June 10, 2004, the Housing Authority filed a motion for summary judgment, which was

---

[2] Housing Auth. of Columbus, Ga., No. 5494-cv-1974-2 (Sup. Ct. Muscogee County) (1994).

granted by the court.³ Specifically, the court held that summary judgment was warranted because each of Plaintiff's claims were barred based on the Rooker-Feldman doctrine and res judicata. Plaintiff appealed the court's granting of Defendant's motion for summary judgment to the Eleventh Circuit, and the Eleventh Circuit affirmed the district court's order. Thereafter, Plaintiff filed a petition for writ of certiorari to the United States Supreme Court, which was ultimately denied.

On September 3, 2009, Plaintiff filed the present lawsuit against Defendants for violating his constitutional rights and taking his property without public necessity. Defendants move to dismiss Plaintiff's complaint.

## DISCUSSION

### A.   Motion to Dismiss Standard

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). However, the court is not required to accept the plaintiff's conclusions of law. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Ashcroft, 129 S. Ct. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

---

³ Talley v. Housing Auth. of Columbus, Ga., No. 4:04-cv-61-1 (M.D. Ga.) (2004).

On a motion to dismiss, the court's function is not to assess the veracity or weight of the evidence; instead, the court must merely determine whether the complaint is legally sufficient. See Sherman v. Helms, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). Accordingly, the issue is whether the plaintiff is entitled to present evidence in support of his claims, not whether those claims will ultimately succeed. See Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986). Because this standard imposes such a heavy burden on the defendant, Rule 12(b)(6) motions are rarely granted. See Washington v. Dep't of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998). Furthermore, the Court affords a plaintiff who is proceeding *pro se*, as is Plaintiff in this case, wide latitude when construing his pleadings and papers. See SEC v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, the court is not required to exempt a *pro se* litigant from complying with the relevant rules of procedure and substantive law. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999); Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1371 (M.D. Ga. 2001).

### B.  **Rooker-Feldman Doctrine**

Defendants contend that the Rooker-Feldman doctrine precludes this Court from reviewing the final judgment of the Superior Court of Muscogee County, Georgia, and therefore this Court lacks subject matter jurisdiction over this action. The Court agrees.

The Rooker-Feldman doctrine precludes federal courts from reviewing final judgments of state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983). The doctrine applies to those claims actually raised in the state court, as well as to those claims that were not raised, but were "inextricably intertwined" with

4

the state court's judgment. Redford v. Gwinnett County Judicial Circuit, No. 09-10807, 2009 WL 3059056, at * 2 (11th Cir. Sept. 25, 2009). When four criteria are satisfied, the Rooker-Feldman doctrine bars lower federal court jurisdiction: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final judgment on the merits; (3) a reasonable opportunity existed for the party seeking relief in federal court to have raised the federal claims in the state court proceeding; and (4) the issue advanced in federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003).

In this case, the Rooker-Feldman criteria are satisfied. Plaintiff is the same party as in the state court condemnation action. The state court ruling was a final judgment on the merits because the property was condemned, and the Housing Authority was granted fee simple title to the property. Plaintiff claimed a violation of his constitutional rights and raised the issue of public necessity in the state court condemnation action. Plaintiff had a full opportunity to litigate all his claims regarding the unlawful taking of his property. The issues before this Court were therefore adjudicated by the state court condemnation action. Thus, this Court is precluded under the Rooker-Feldman doctrine from reviewing the final judgment of the Superior Court of Muscogee County, Georgia, and lacks jurisdiction over this action.

  **C. Doctrines of Res Judicata and Collateral Estoppel**

Even if the Court had subject matter jurisdiction over this case, Plaintiff would still be precluded from litigating the same issues again under the doctrines of res judicata and collateral estoppel. The Court must apply Georgia law in analyzing these doctrines. See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 375 (1996); see also 28 U.S.C. § 1738.

  *1. Doctrine of Res Judicata*

"The doctrine of res judicata prevents the relitigation of all claims which have already been adjudicated, or which could have been adjudicated" in a previous suit. Buford-Clairmont Co., Ltd. v. Cato Corp., 241 Ga. App. 50, 54 (Ga. Ct. App. 1999) (quotations omitted). Under Georgia law, three elements must be satisfied to bar a subsequent suit under res judicata: (1) the same cause of action must be involved in both suits; (2) the parties or their privies must be the same in both suits; and (3) there must be a final judgment on the merits rendered by a court of competent jurisdiction. Id. (quotations omitted); see also O.C.G.A. § 9-12-40 (1933).

Here, Plaintiff's claims against the Housing Authority are barred by res judicata. Plaintiff asserts the same cause of action that was raised in both the state court condemnation action and in the federal court action – violation of his constitutional rights – and the action involves the same parties – Plaintiff and the Housing Authority. The state court ruling was a final judgment on the merits because the property was condemned, and the Housing Authority was granted fee simple title to the property. Additionally, Plaintiff had a full opportunity to litigate each and every claim existing between the parties. Because the elements of the doctrine of res judicata are satisfied, Plaintiff is precluded from relitigating the same issues against the Housing Authority.

### 2. *Doctrine of Collateral Estoppel*

The doctrine of "collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." City of Marietta v. CSX Tranp., Inc., 196 F.3d 1300, 1305 (11th Cir. 1999) (quotations omitted). Unlike res judicata, collateral estoppel is not limited to parties and their privies; rather, a "defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." Miller v. King, No. CV698-109, 2009 WL 3805568, at * 5 (S.D. Ga. Nov. 10, 2009) (quotations omitted). To assert this doctrine, a party must establish four elements:

(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior suit must have been an essential part of the judgment in the earlier proceeding; and (4) "the party against whom the doctrine is asserted must have had a full opportunity to litigate the issue." Macon Water Auth. v. City of Forsyth, 262 Ga. App. 224, 227 (Ga. App. 2003).

In this case, Plaintiff's claims against Columbus are barred by collateral estoppel. Plaintiff's constitutional violations claim was the crux of the state court condemnation action and was actually litigated. Plaintiff had a full opportunity to litigate any issues relating to the legality of the taking of his property during the state court action and his subsequent Motion to Set Aside. Furthermore, Plaintiff's claim regarding his property being sold in 1999 to a private individual was reviewed and a central part of the previous federal court's ruling granting the Housing Authority summary judgment. Because the elements of the doctrine of collateral estoppel are satisfied, Plaintiff is precluded from relitigating the same issues against Columbus.

### D.   Federal Rule of Civil Procedure 12(b)(6)

Even if the Court was not precluded from determining Plaintiff's claims, his complaint must still be dismissed for failure to state a claim upon which relief can be granted because Plaintiff's claims are barred by the statute of limitations.

A complaint may be dismissed on statute of limitations grounds under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted only where it is "apparent from the face of the complaint that the claim is time-barred." Robinson v. Schafer, 305 F. App'x 629, 629 (11th Cir. 2008) (quotations omitted). Georgia's two-year statute of limitations period applicable to personal injury claims is applied to actions brought under 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 276 (1985), superseded by statute on other grounds, as stated in Jones v. R.R.

Donnelley & Sons Co., 541 U.S. 369 377-78 (2004); see Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). The statute of limitations begins to run when the events giving rise to the cause of action are "apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (quotations omitted).

In this case, Plaintiff's statute of limitations period has expired. Plaintiff alleges violations on the face of his complaint that occurred in 1994, when the Housing Authority condemned his property, and in 1999, when the property was sold to a private person. Plaintiff's claims were apparent or should have been apparent on those dates. Therefore, Plaintiff's claims are untimely because both dates are beyond the two-year statute of limitations.

Moreover, equitable tolling is not appropriate. Under the doctrine of equitable tolling, a plaintiff may sue after the expired statutory period if he was "prevented from doing so due to inequitable circumstances." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir.1998). Equitable tolling is appropriate when a plaintiff makes an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999). "Pro se status, ignorance of the law, and administrative processes that 'are too slow or involve too much delay' do not warrant equitable tolling." Robinson v. Schafer, 305 F. App'x 629, 630 (11th Cir. 2008) (quoting Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir.1997)). "Furthermore, the liberal construction given to pro se pleadings 'does not mean liberal deadlines.'" Id. (quoting Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir.1999)). Extraordinary circumstances do not exist in Plaintiff's case to warrant equitable tolling. Thus, Plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, the Court **HEREBY GRANTS** the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) [Doc. 3] of Defendants Columbus and the Housing Authority.

**SO ORDERED**, this 7th day of December, 2009.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL,
                                          UNITED STATES DISTRICT JUDGE

APG/ssh/chw