# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LOGIE W. TALLEY, | : |
| **Plaintiff,** | : |
| vs. | : 5:09-CV-308 (CAR) |
| HOUSING AUTHORITY OF COLUMBUS, GEORGIA; THE CITY OF COLUMBUS, GEORGIA; THE STATE OF GEORGIA | : |
| **Defendants.** | : |

### *ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 20]. Through his motion, Plaintiff seeks reconsideration of the Court's Orders [Docs. 17 & 18] dismissing the case for lack of subject matter jurisdiction and expiration of the statute of limitations. Defendant State of Georgia filed a Response to Plaintiff's Motion [Doc. 21]. For the reasons set forth below, Plaintiff's Motion for Reconsideration [Doc. 20] is **DENIED**.

### *DISCUSSION*

Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993); Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Reconsideration is appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary

to correct a clear error of law or prevent manifest injustice.  Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999);  McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In this case, Plaintiff attempts to show that reconsideration is necessary to correct a clear error of law or prevent a manifest injustice.  Plaintiff argues that the Court erroneously applied the Rooker-Feldman doctrine, the doctrines of res judicata and collateral estoppel, and the statute of limitations in dismissing his case.  Even if the Rooker-Feldman doctrine or the doctrines of res judicata and collateral estoppel do not apply to Plaintiff's 1999 claim, regarding the selling of condemned property to a private citizen for profit, this claim, as well as his 1994 claim, is still time-barred under the statute of limitations.  As detailed in the Court's original Orders, Plaintiff's claims allege violations of 42 U.S.C. § 1983, and the two-year statute of limitations for personal injury claims is applied to these actions.  Wallace v. Kato, 549 U.S. 384, 387 (2007); see Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996).  Because Plaintiff's claims arose in 1994 and 1999, well over 10 years ago, all of Plaintiff's claims have expired under the statute of limitations, and the Court correctly dismissed this case.

## *CONCLUSION*

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. 20] is **DENIED**.

**SO ORDERED**, this 22nd day of January, 2010.

                         S/ C. Ashley Royal
                         C. ASHLEY ROYAL
                         UNITED STATES DISTRICT JUDGE

APG/ssh