IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LOGIE W. TALLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:09-CV-308 (CAR) |
| HOUSING AUTHORITY OF | : | |
| COLUMBUS, GEORGIA; THE CITY | : | |
| OF COLUMBUS, GEORGIA; and | : | |
| THE STATE OF GEORGIA, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON MOTION TO SET ASIDE JUDGMENT AND MOTION TO CHANGE VENUE

Currently before the Court is Plaintiff's Motion to Set Aside Judgment [Doc. 35] and Motion to Change Venue [Doc. 38]. Having considered the Motions, responses thereto, and the applicable law, both Motions are **DENIED**.

This case has a lengthy factual and procedural history which bears on the Court's analysis of the instant Motions. The Housing Authority of Columbus, Georgia (the "Housing Authority") filed a petition for condemnation of Plaintiff's property in the Superior Court of Muscogee County on March 26, 1994. The superior court issued an order approving the condemnation on August 1, 1994. Plaintiff filed a request for an appeal on August 12, 1994, which was subsequently dismissed as untimely. On June 20,

1997, Plaintiff filed a motion to set aside the superior court's order, which was denied on August 7, 1997.

Thereafter, Plaintiff filed a complaint against the Housing Authority in the United States District Court for the Middle District of Georgia on May 21, 2004, alleging that his property was unlawfully taken and resold to a private citizen in violation of his Fourth, Fifth, and Fourteenth Amendment rights.  On August 9, 2004, the Court granted summary judgment in favor of the Housing Authority on the grounds that (1) the Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine and (2) Plaintiff's claims were otherwise barred by the doctrine of *res judicata*.  The Eleventh Circuit affirmed the district court's decision on September 26, 2005, holding that the *Rooker-Feldman* doctrine precluded judicial review of the superior court's condemnation order. Thereafter, Plaintiff filed a petition for writ of certiorari to the United States Supreme Court, which was ultimately denied.

Plaintiff then filed the present action on September 3, 2009, against the State for allowing the City of Columbus and the Housing Authority to violate his constitutional rights by taking his property without public necessity.  The Court granted Defendants' Motions to Dismiss, holding once again that the *Rooker-Feldman* doctrine prohibited this Court from reviewing the final condemnation judgment of the superior court.  The

Court further concluded that, even if the *Rooker-Feldman* doctrine did not apply, *res judicata*, collateral estoppel, and the statute of limitations barred Plaintiff's claims.

Plaintiff moved for reconsideration of the order granting Defendants' Motions to Dismiss, which the Court denied on January 22, 2010.  On November 11, 2010, the Eleventh Circuit affirmed, holding that the *Rooker-Feldman* Doctrine precluded federal relief and citing the 1994 state court proceeding as well as an additional state court proceeding brought by Plaintiff in 2003.

Over three years later, on November 29, 2013, Plaintiff filed the instant Motion to Set Aside the Judgment dismissing his case.  He also filed a similar motion in the Eleventh Circuit.  Shortly thereafter, Plaintiff filed a Motion to Change Venue, reiterating the same arguments raised in his Motion to Set Aside the Judgment.

Federal Rule of Civil Procedure 60(b) states,

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

3

A motion seeking relief from judgment based on grounds (1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."[1] Otherwise, the motion must be filed "within a reasonable time" after entry of judgment.[2]  "A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay."[3]

Here, Plaintiff does not address or satisfy any of the six grounds of relief enumerated in Rule 60(b).  In his Motion, Plaintiff merely repeats the same arguments previously rejected by this Court and the Eleventh Circuit.  Plaintiff cannot use Rule 60(b) as a vehicle to rehash arguments previously considered and addressed by the Court.[4]  Therefore, Plaintiff has failed to show he is entitled to relief.

Moreover, Plaintiff's Motion is untimely.  Plaintiff filed this Motion nearly four years after this Court granted Defendants' Motions to Dismiss, yet Plaintiff does not offer any explanation or justification for the delay.  Therefore, the Court finds that

---

[1] Fed. R. Civ. P. 60(c)(1).
[2] *Id.*
[3] *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008).
[4] *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004), *aff'd on other grounds sub nom., Gonzalez v. Crosby*, 545 U.S. 524 (2005) ("Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case.").

4

Plaintiff did not file his Motion within a "reasonable time" after entry of judgment as required by Rule 60.

The remaining Motion to Change Venue is premised on the same arguments articulated in the Motion to Set Aside the Judgment. Since the Court has denied Plaintiff's Motion to Set Aside the Judgment, no pending civil case remains to be transferred.

Based on the foregoing, Plaintiff's Motion for to Set Aside Judgment [Doc. 35] and Motion to Change Venue [Doc. 38] are **DENIED**.

**SO ORDERED**, this 21st day of May, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

ADP/bbp